# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY FLENOID, | ) |
| Petitioner, | ) |
| v. | ) No. 4:11CV330 LMB |
| CHRIS KOSTER, et al., | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). The motion will be denied.

Petitioner was convicted by a jury of first-degree burglary, first-degree murder, armed criminal action, and assault in the first degree. After his conviction was affirmed on appeal, petitioner filed a pro se Rule 29.15 motion that included a multitude of claims. Counsel was appointed for petitioner, and counsel filed an amended motion that contained five claims. The amended motion wholly superseded the pro se motion. See Norville v. State, 83 S.W.3d 112, 114 (Mo. Ct. App. 2002). The circuit court denied the motion, and the Missouri Court of Appeals affirmed. On appeal, petitioner argued unsuccessfully that his post-conviction counsel "abandoned" him by not including each of the claims raised in the pro se Rule 29.15 motion.

Petitioner's federal habeas petition contains all of the claims petitioner raised in his pro se Rule 29.15 motion. Petitioner says that he has filed a Rule 91 habeas petition in the state court in an attempt to exhaust those claims not raised in the amended Rule 29.15 motion. Petitioner moves this Court for a stay and abeyance while he seeks to litigate his unexhausted claims in the state courts.

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are "plainly meritless," whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78.

Prior to considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir.1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed

exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir.1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines, 544 U.S. at 269 (2005).

In this case, petitioner does not have any non-futile state remedies by which he can present his unexhausted claims to the state courts. Rule 29.15 is the "exclusive procedure by which [a convicted] person may seek relief in the sentencing court" for claims that his conviction violated the state or federal constitutions. Mo. S. Ct. R. 29.15. And any such motion must be filed no later than 90 days from the issuance of the mandate by the appellate court on direct appeal. Id. As a result, all of petitioner's claims are exhausted, and the petition is not subject to stay and abeyance under Rhines.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for stay and abeyance [doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file excessive memorandum [doc. #3] is **GRANTED**.

Dated this 22nd day of April, 2011.

*/s/ Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE