# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY FLENOID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11CV330LMB |
| ) | |
| CHRIS KOSTER, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

This matter is before the court on the petition of Larry Flenoid for a writ of habeas corpus under 28 U.S.C. § 2254. Presently pending is respondents' Motion for More Definite Statement. (Doc. No. 18). Also pending is petitioner's "Motion Requesting Default Judgment Against Respondents." (Doc. No. 19).

In their Motion for More Definite Statement, respondents state that the petition is extremely unclear as to what claims petitioner is asserting. Respondents note that the form petition is followed first by a list of claims apparently being re-asserted after being copied from petitioner's pro se post-conviction relief motion and second by a list of claims purporting to be six grounds for relief. Respondents also point out that the listed grounds for relief do not correspond across denominated letters. Respondents argue that, because petitioner has presented multiple lists of claims differing in the number and nature of claims raised, it is impossible to prepare a response to the petition. Respondents request that the court order petitioner to submit a list of briefly and clearly stated claims, sequentially numbered, identifying the claims being raised in his

- 1 -

petition.

In response to respondents' motion, petitioner has filed a "Motion Requesting Default Judgment Against Respondents." (Doc. No. 19). In this motion, petitioner argues that the court should enter a default judgment against respondents for failing to respond to the court's May 9, 2011 Show Cause Order. Petitioner argues, in the alternative, that the court should grant him additional time to comply with respondents' request.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (2004) (Section 2254 Rules), governs the form of the petition in habeas corpus cases. It provides:

> (c) Form. The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Section 2254 Rules, Rule 2(c). "In order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). A general reference to transcripts, case records, and briefs on appeal "patently fails to comply with Rule 2(c)." Id. at 333.

Here, the petition fails to comply with Rule 2(c) for the reasons set out by respondents. Thus, the undersigned will grant respondents' motion and will order that petitioner refile a corrected petition that briefly and clearly states his claims, and numbers his claims sequentially.

Accordingly,

**IT IS HEREBY ORDERED** that respondents' Motion for More Definite Statement (Doc. No. 18) be and it is **granted**.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of this opinion in which to refile his petition in proper form, and respondents shall have twenty (20) days after receipt of petitioner's amended petition in which to file their responsive pleading.

**IT IS FURTHER ORDERED** that petitioner's "Motion Requesting Default Judgment Against Respondents" (Doc. No. 19) be and it is **denied**.

Dated this   3rd  day of August, 2011.

                                                      /s/ Lewis M. Blanton
                                                     LEWIS M. BLANTON
                                                     UNITED STATES MAGISTRATE JUDGE